In re Election of June 2, 1992 for the Office of Representative
to the United States House of Representatives from the
Sixth District of Ohio.[*]

[Cite as *In re Election of June 2, 1992 for the Office of Represen-
tative to the United States House of Representatives from the
Sixth District of Ohio* (1992), 64 Ohio St.3d 1215.]

(No. 92–1460—Submitted August 10, 1992—Decided August 11, 1992.)

HOLMES, J.  This cause originated in this court on the filing of an election
contest petition under R.C. 3515.09.  Upon consideration of contestee's motion
to dismiss contestor's verified petition,

IT IS ORDERED by the court that said motion to dismiss be, and hereby is,
overruled.  Pursuant to R.C. 3515.11, it is further ordered by the court, *sua
sponte*, that contestor shall, by August 14, 1992 at 4:00 p.m., amend his
petition to plead the averments of Paragraph 24 of contestor's petition with
particularity in accordance with the requirements of Civ.R. 9(B).

IT IS FURTHER ORDERED by the court, *sua sponte*, that the parties shall
comply with the following schedule for the submission of evidence and filing
of briefs.  All evidence that the contestor intends to present shall be filed on
or before August 26, 1992.  All evidence that the contestee intends to present
shall be filed on or before September 15, 1992.  Merit briefs of both parties
shall be filed on or before September 17, 1992.

Upon consideration of contestor's motion for an order to the Highland
County Board of Elections to permit inspection of ballots and other records,

IT IS ORDERED by the court that said motion be, and hereby is, granted to
the extent that, pursuant to R.C. 3515.12, the Highland County Board of
Elections is hereby ordered to permit representatives of the contestor to
inspect all ballots in the June 2, 1992 primary election, including but not
limited to all voted, duplicated, soiled, absentee and unused ballots, and all poll
books, including absentee ledger, applications for absentee ballots and the
materials in which they were returned, from election night, the official
canvass and the recount, and all records used by the board in assigning voters
to congressional districts.  This order does not, however, require the Highland
County Board of Elections to process through its computer and card reader in

---

[*] Reporter's Note:  On August 10, 1992, Chief Justice Moyer assigned Justice Holmes, under
authority of R.C. 3515.08, to hear and determine the merits of this cause.

the presence of contestor's representatives all soiled ballots from the June 2, 1992 election.

Upon consideration of contestor's motions for orders to the Warren County and Hocking County Boards of Elections to permit inspection of ballots and other records,

IT IS ORDERED by the court that said motions be, and hereby are, granted. Pursuant to R.C. 3515.12, the Warren County Board of Elections and the Hocking County Board of Elections are hereby ordered to permit representatives of the contestor to inspect all ballots in the June 2, 1992 primary election, including but not limited to all voted, duplicated, soiled, absentee and unused ballots, and all poll books, including absentee ledger, applications for absentee ballots and the materials in which they were returned, from election night, the official canvass and the recount, and all records used by the respective board in assigning voters to congressional districts.

Upon consideration of contestee's motion for expedited discovery and contestee's agreement to amend the scope of the motion,

IT IS ORDERED by the court that, on or before August 31, 1992, contestor shall file answers and produce documents in response to Interrogatories Nos. 7, 8 and 9 of Contestee's First Set of Interrogatories and Request for Production of Documents. Contestor shall respond to Interrogatories Nos. 7, 8 and 9 to the extent that the persons whose identity is sought therein are not deposed by contestor and the documents sought therein are not submitted in evidence by contestor.